United States District Court
Southern District of Texas
**ENTERED**
December 05, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MA ELIZABETH TREVINO VALLEJO, *et al.* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-3300 |
| | § | |
| DIRECTOR UR M JADDOU | § | |

## JUDGE PALERMO'S REPORT AND RECOMMENDATION

Before the Court is Defendant's motion to dismiss. ECF No. 18.[1] Defendants argue that Plaintiffs' claims for mandamus pursuant to 28 U.S.C. § 1361 and for violations of the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 555 and 706(1), and the Due Process Clause of the Fifth Amendment, through which Plaintiffs seek to compel Defendants to adjudicate Plaintiffs' U-visa petitions, should be dismissed for a lack of subject matter jurisdiction, and alternatively, for failure to state a claim. ECF No. 18. Having considered the briefing[2] and the applicable law, the Court concludes that it lacks jurisdiction to consider certain of Plaintiffs' APA claims and Plaintiffs' claims under the Mandamus Act and for all remaining claims, Plaintiffs fail to state a claim. Therefore, the motion to dismiss should be granted.

---

[1] The district judge to whom this case is assigned referred all pretrial proceedings to this Court pursuant to 28 U.S.C. § 636(b)(1)(A) & (B). Order, ECF No. 34.

[2] Plaintiffs filed a response, ECF No. 24, and Defendants filed a reply, ECF No. 26, and supplemental authority, ECF No. 33.

## I. FRAMEWORK FOR U-VISA APPLICATIONS

"In 2000, Congress passed the Victims of Trafficking and Violence Protection Act 'to create a new nonimmigrant visa classification that will strengthen the ability of law enforcement agencies to detect, investigate, and prosecute' certain crimes while offering protections to the noncitizen victims." *Loren K. Miller, U.S. Citizenship & Immigration Services, U.S. Dep't of Homeland Sec., Ur M. Jaddou*, No. 4:24-CV-04002, 2025 WL 2774400, at *1 (S.D. Tex. Sept. 26, 2025) (quoting Pub. L. No. 106-386, § 1513(a)(2)(A), 114 Stat. 1464, 1533 (2000)). Congress delegated administration of U-visas to the Department of Homeland Security ("DHS"). *Id.* (citing 8 U.S.C. § 1101(a)(15)(U)(i); 8 U.S.C. § 1103. DHS vested the United States Citizenship and Immigration Services ("USCIS") with "sole jurisdiction over all" U-visa petitions. *Id.* (quoting 8 C.F.R. § 214.14(c)(1)). To qualify for a U-visa, the applicant must meet 8 U.S.C. § 1101(a)(15)(U)(i)'s requirements, "including that they are a victim of a qualifying criminal activity, under subsection (iii)." *Id.*[3]

"The INA imposes a cap of 10,000 principal U-visas that may be issued each year, not including derivative family members." *Id.* (citing 8 U.S.C. § 1184 (p)(2)(A)). Because the cap is routinely reached, USCIS implemented regulations

[3] Under the statute, some of the applicant's family members may receive derivative U nonimmigrant status. *Id.* § 1101(a)(15)(U)(ii).

that require "[a]ll eligible petitioners who, due solely to the cap, are not granted U–1 nonimmigrant status," be placed on a waiting list. *Id.* (citing 8 C.F.R. § 214.14(d)(2)).[4] "Petitioners and qualifying family members on the waiting list will be granted deferred action or parole and are eligible for employment authorization." *Id.* (citing USCIS, Policy Manual, Vol. 3, Part C, Ch. 6, https://perma.cc/ED3B-J2AB) ("*Policy Manual*")).

In a 2008, Congress amended the INA to authorize the Secretary to "grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title." *Id.* at *2 (quoting 8 U.S.C. § 1184(p)(6)). The U-visa program now involves "three distinct adjudicative processes;" (1) the bona fide determination ("BFD") process; (2) waiting list adjudication; and (3) final adjudication. *Id.* (citing *Policy Manual*, Vol. 3, Part C, Ch. 4, https://perma.cc/3GM6-JM4K).

"Under the BFD process, USCIS conducts a review to determine whether a pending U visa petition is 'bona fide.'" *Id.* (citing *Policy Manual*, Vol. 3, Part C, Ch. 5, https://perma.cc/4HE2-63QC). If a petition is found to be bona fide, the applicant may receive employment authorization and deferred action. *Id.* (citing *Policy*

[4] "USCIS has met the statutory cap every year from 2011 to 2023." *Vimal S. P.*, 2025 WL 2774400, at *n.1 (citing USCIS, Number of Form I-918, Petition for U Nonimmigrant Status by Fiscal Year, Quarter, and Case Status, Fiscal Years 2009-2023, https://perma.cc/XG66-NQLE). "The statutory cap for 2025 was met on September 9, 2025." *Id.* (citing USCIS, I-918, Petition for U Nonimmigrant Status, https://perma.cc/7XFD-2RKG (last visited 10/10/2025)).

*Manual*, Vol. 3, Part C, Ch. 5, https://perma.cc/4HE2-63QC). Petitioners granted BFD employment authorization "generally bypass the waiting list and move forward to final adjudication." *Id.* (citing *Policy Manual*, Vol. 3, Part C, Ch. 5, https://perma.cc/4HE2-63QC). Petitioners who do not receive a BFD employment authorization "will receive a waiting list adjudication." *Id.* (citing *Policy Manual*, Vol. 3, Part C, Ch. 5, https://perma.cc/4HE2-63QC).

Plaintiffs are noncitizen victims of a qualifying criminal activity or family members of victims, who submitted U-visas and applied for interim work authorization. Complaint, ECF No. 1 ¶¶ 24–62. Plaintiffs allege that despite their eligibility and adherence to application requirements, USCIS has not issued a BFD for their petitions. *Id.* Plaintiffs filed suit under the APA and the Mandamus Act to compel Defendant to adjudicate their BFDs or alternatively place them on the U visa waiting list. ECF No. 1 at 49–50. Defendant filed a motion to dismiss under Rule 12(b)(1) and (6) or alternatively to sever and dismiss for improper joinder. ECF No. 18.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1).

"Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *Salgado v. Pompeo*, No. CV H-18-3066, 2019 WL 1643559,

at *1 (S.D. Tex. Apr. 16, 2019) (quoting *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998))). The party invoking the court's jurisdiction carries the burden of demonstrating that jurisdiction exists. See *id.* (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts." *Obiabaka v. Jaddou*, No. 4:24-CV-3074, 2025 WL 492496, at *2 (S.D. Tex. Jan. 29, 2025), *adopted*, No. 4:24-CV-03074, 2025 WL 490472 (S.D. Tex. Feb. 13, 2025) (citing *In re FEMA*, 668 F.3d at 287).

**B. Rule 12(b)(6).**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Obiabaka*, 2025 WL 492496, at *2 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." *Id.* (quoting *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Id.* (quoting *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id. Id.* (quoting *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556)). "A court reviewing a motion to dismiss under Rule 12(b)(6) may consider: '(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201.'" *Id.* (quoting *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019)).

## III. DEFENDANT'S MOTION TO DISMISS SHOULD BE GRANTED.

Defendant's motion to dismiss challenges both the Court's jurisdiction and the merits of Plaintiffs' claims under the APA and the Mandamus Act. ECF No. 18. Defendant also argues that some Plaintiffs' claims have been adjudicated and are therefore moot. ECF No. 18.[5]

---

[5] Plaintiffs do not dispute that adjudicated claims are moot and represent that they have filed a notice of dismissal for all Plaintiffs who have received a BFD and employment authorization from USCIS. ECF No. 24 at 9.

### A. Plaintiffs' APA Claims Regarding BFDs and Employment Authorizations Should Be Dismissed for Lack of Jurisdiction.

Plaintiffs filed suit seeking the Court to compel Defendant to: (1) make a BFD and then determine whether to issue deferred action or work authorization for each Plaintiff; or (2) place each Plaintiff on the U-visa waiting list and then issue deferred action or work authorization. ECF No. 1 at 49–50. Plaintiffs alleged that Defendant violated the APA by unlawfully delaying BFDs and waiting list adjudication. ECF No. 1 at 46–48.[6] Defendant argues that the Court lacks subject matter jurisdiction to review any alleged delay on BFD and employment authorization decisions under 8 U.S.C. § 1252(a)(2)(B)(ii). ECF No. 18 at 11–19.

To allege an APA claim under § 706(1), a plaintiff must assert "that an agency failed to take a discrete agency action that it is required to take." *Vimal*, 2025 WL 2774400, at *7 (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004)). However, § 1252(a)(2)(B)(ii) of the INA "strips courts of jurisdiction to review '*any* other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be *in the discretion of* the Attorney General or the Secretary of Homeland Security . . . .'"

---

[6] Insofar as Plaintiffs seek to raise a claim under § 706(2), the Court finds this claim better addressed under § 706(1) because Plaintiffs complain that Defendant failed to act. ECF No. 1. "'A failure to act,' which triggers Section 706(1) review, 'is not the same thing as a denial' triggering 706(2) review." *Vimal*, 2025 WL 2774400, at *3 (quoting *Jackson v. United States Dep't of Hous. & Urb. Dev.*, 2020 WL 10895446, at *6 (S.D. Tex. May 18, 2020)).

*Vimal*, 2025 WL 2774400, at *4 (emphasis in original) (quoting *D'Cruz v. U.S. Citizenship & Immigr. Servs.*, 2024 WL 4523307, at *3 (S.D. Tex. Oct. 9, 2024) (quoting 8 U.S.C. § 1252(a)(2)(B)(ii)); citing *Bouarfa v. Mayorkas*, 604 U.S. 6, 10–11 (2024); *J. Hernandez v. Jaddou*, 2025 WL 2264604, at *2 (S.D. Tex. Apr. 3, 2025)).

Turning first to employment authorization determinations, the INA provides that "[t]he Secretary *may* grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title." *Vimal*, 2025 WL 2774400, at *4 (emphasis in original) (quoting 8 U.S.C. § 1184(p)(6)). "[T]he word 'may' *clearly* connotes discretion." *Id.* (quoting *Bouarfa*, 604 U.S. at 1). Although Plaintiffs argue to the contrary, employment authorization decisions are purely discretionary and § 1252(a)(2)(B)(ii) specifies that this Court has no jurisdiction to review it under the APA. *Id.* (citing *D'Cruz*, 2024 WL 4523307, at *4). Plaintiffs' APA claims regarding employment authorizations should be dismissed for lack of jurisdiction.

Further, § 1252(a)(2)(B)(ii) also divests the Court of jurisdiction to review BFDs. *Id.* The Fifth Circuit has construed § 1252(a)(2)(B)(ii)'s use of the word "any" to preclude judicial review of policies that are practically related to discretionary determinations. *See id.* (citing *Cheejati v. Blinken*, 106 F.4th 388, 393-94 (5th Cir. 2024) (barring judicial review of policies that are "practical applications

of the discretion afforded the Attorney General in [8 U.S.C.] § 1255(a)"), *cert. denied*, 145 S. Ct. 1126 (2025); *Patel v. Garland*, 596 U.S. 328, 339 (2022) (analyzing a parallel provision, § 1252(a)(2)(B)(i) to divest federal courts of discretion to review not only the specified discretionary grants of relief, "but also any judgment *relating to* the granting of relief.")).[7] Here, § 1252(a)(2)(B)(ii) "precludes judicial review of BFDs, which are a predicate to discretionary [e]mployment [a]uthorizations." *See id.* (citing *Hernandez v. Jaddou*, 2025 WL 819657, at *5 (S.D. Tex. Mar. 6, 2025) (concluding that BFDs, issuance of deferred action,[8] and issuance of employment authorizations "amount to a practical application of the Secretary's discretionary authority under section 1184(p)(6) and are unreviewable"); *D'Cruz*, 2024 WL 4523307, at *4).

Plaintiffs briefly allege that "Agencies are required to 'proceed to conclude a matter presented to it' 'within a reasonable time'" and therefore, this provision mandates discrete agency action that USCIS is required to take under the APA. ECF No. 1 ¶¶ 157, 163 (citing 5 U.S.C. § 555(b)). Indeed, § 555(b) directs agencies to

---

[7] Plaintiffs argue that the Court should not rely on *Cheejati* and *Patel* for this application because those cases dealt with adjustment of status applications. ECF No. 24 at 16. The Court finds this distinction without merit because the type of petition or application is not relevant—instead, what is relevant is whether the challenged decisions are related to discretionary determinations or granting of relief.

[8] Plaintiffs also briefly argue that the issuance of deferred action is non-discretionary. ECF No. 24 at 10, 18. For the same reasons articulated above, the Court rejects this argument. *See Hernandez*, 2025 WL 819657, at *5. Plaintiffs' cited out-of-circuit authority is not persuasive.

"conclude a matter presented to it . . . within a reasonable time," but regardless of § 555(b)'s reasonable time limit, the Court still lacks subject-matter jurisdiction over these (in)actions because BFDs and employment authorization determinations amount to a practical application of the Secretary's discretionary authority and are therefore precluded from judicial review under § 1252(a)(2)(B)(ii). *Vimal*, 2025 WL 2774400, at *5 (quoting *D'Cruz*, 2024 WL 4523307, at *3) ("Regardless of whether APA Section 555(b) is discretionary, the APA does not apply when, as here, other 'statutes preclude judicial review.'") (quoting 5 U.S.C. § 701(a)(1)); *see also Cheejati*, 106 F.4th at 393-94; *Patel*, 596 U.S. at 339.

In sum, Plaintiffs' APA claims regarding BFDs and employment authorization determinations should be dismissed for lack of jurisdiction.

**B. The Court May Review Plaintiffs' APA Claims Regarding Waiting List Placement.**

In the alternative, Plaintiffs ask the Court to compel Defendant to place each Plaintiff on the U-visa waiting list and then issue deferred action or work authorization. ECF No. 1 at 49–50. Defendant argues that because a waiting list determination is a predicate decision or action to the discretionary action of deciding to issue an EAD, the Court lacks subject matter jurisdiction over these claims. ECF No. 18 at 16–17.

The regulation, § 214.14(d)(2), states that "[a]ll eligible petitioners who, due solely to the cap, are not granted U–1 nonimmigrant status *must be placed* on a

waiting list and receive written notice of such placement." *Vimal*, 2025 WL 2774400, at *5 (emphasis in original) (quoting 8 C.F.R. § 214.14(d)(2)). Plaintiffs contend that § 214.14(d)(2) confers a nondiscretionary duty to place Plaintiffs on the waiting list who missed the cap, which is reviewable by the Court. ECF No. 24 at 11–14. Defendant argues that this interpretation is not supported by the plain language of the regulation and notes that "because Plaintiffs will be considered for employment authorizations and deferred action through the BFD process, they may not need Waiting List Determinations." ECF No. 18 at 13–14.

The *Vimal* court recently addressed this issue. 2025 WL 2774400, at *5. There, the court found "[b]ecause USCIS has a non-discretionary duty to place eligible petitioners on the U visa waiting list, 8 U.S.C. § 1252(a)(2)(B)(ii) does not preclude judicial review." *Vimal*, 2025 WL 2774400, at *5 (citing *J. Hernandez*, 2025 WL 2264604, at *2 (denying Rule 12(b)(1) motion to dismiss claims about waiting list eligibility and noting that "USCIS' determination of Plaintiffs' eligibility for placement on the U-Visa Waitlist and subsequent grant of deferred action or parole is mandatory and thus reviewable."); *M.J.L. v. McAleenan*, 420 F. Supp. 3d 588, 597 (W.D. Tex. 2019) (denying motion to dismiss unreasonable delay claims for lack of jurisdiction because "Defendants fail to explain how [8 C.F.R. § 214.14(d)(2)] is not mandatory"), *adopted by* 2020 WL 10056215 (W.D. Tex. Jan.

24, 2020)). Relying on *Vimal*, the Court finds that § 1252(a)(2)(B)(ii) does not preclude review of waiting list placement. *See* 2025 WL 2774400, at *5.

Also like the defendant in *Vimal*, Defendant argues Plaintiffs lack standing to bring these claims because they have not demonstrated that being placed on a waiting list would grant them any "tangible benefit or remedy their alleged harm." ECF No. 18 at 19–21. For standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Vimal*, 2025 WL 2774400, at *6 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). Here, Plaintiffs' alleged injury is Defendant's indefinite delays in making waiting list determinations denies them of immigration benefits like securing employment, getting a social security number, opening a bank account, or receiving credit for paying taxes and Social Security. ECF No. 24 at 21. Relying on *J. Hernandez*, the *Vimal* court found this was sufficient to demonstrate standing:

> The *J. Hernandez* decision supports Plaintiffs' view. There, this Court found that plaintiffs had standing to compel adjudication of their eligibility for waiting list placement. *See J. Hernandez*, 2025 WL 2264604, at *3. As the decision explains, "[a] plaintiff suffers a 'constitutionally cognizable injury by the loss of an opportunity to pursue a benefit ... even though the plaintiff may be unable to show that it was certain to receive" the benefit he seeks. *Id.* (quoting *Ecosystem Inv., Partners v. Crosby Dredging, L.L.C.*, 729 F. App'x 287, 292 (5th Cir. 2018)). That rationale "includes the opportunity to receive immigration benefits." *Id.*

*Vimal*, 2025 WL 2774400, at *6. The Court finds Plaintiffs have demonstrated standing to challenge the delayed determination of their eligibility for the U-visa waiting list. *Id.* Defendant's motion to dismiss Plaintiffs' waiting list APA claims for lack of jurisdiction should be denied.

### C. Plaintiffs Fail To State a Claim for Unreasonable Delay of Waiting List Placement.

Alternatively, Defendant argues that Plaintiffs fail to state a claim for their remaining APA claims regarding waiting list placement. ECF No. 18 at 14.

As noted above, "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Vimal*, 2025 WL 2774400, at *7 (quoting *Norton*, 542 U.S. at 64). Although USCIS is required to place eligible petitioners on a waiting list, nothing requires USCIS to act within a certain timeframe. *Id.* (citing 8 C.F.R. § 214.14(d)(2)). Plaintiffs cite § 214.14(d)(2), ECF No. 1 ¶¶ 13, 166, but "mere reliance on a regulation that requires an agency to take some action is not enough to show that delayed action is unreasonable." *Vimal*, 2025 WL 2774400, at *7 (citing *Cheejati*, 106 F.4th at 396 (quoting 8 C.F.R. § 245.2(a)).[9] Without a specific deadline within which USCIS must act, Plaintiffs' unreasonable delay claim under the APA fails to

[9] Plaintiffs also cite a portion of a congressional record that indicates that "interim benefits should be granted within 60 days." ECF No. 24 at 19. This also is woefully insufficient to denote required agency action.

state a claim. *See id.*

**D. Plaintiffs' Claims Under the Mandamus Act Should Be Dismissed.**

Plaintiffs also ask the Court to compel Defendants to adjudicate their eligibility for BFDs, waiting list placement and interim U visa benefits, including employment authorization and deferred action, pursuant to the Court's authority under the Mandamus Act, 28 U.S.C. § 1361.[10] ECF No. 1 ¶ 169. Again, Defendants argue that the Court lacks jurisdiction to adjudicate these claims because the INA precludes claims like these under the Mandamus Act. ECF No. 18 at 20.

"On the threshold jurisdictional question, there is no meaningful distinction between the Mandamus Act and the APA claims," so "this Court has jurisdiction over claims to compel adjudication of waiting-list eligibility, but only for those plaintiffs who have not received BFDs or Employment Authorizations." *See Vimal*, 2025 WL 2774400, at *8 (citing *Atay v. United States Citizenship & Immigr. Servs.*, 2025 WL 1457083, at *3 (S.D. Tex. Apr. 25, 2025), *adopted by* 2025 WL 1456795 (S.D. Tex. May 20, 2025); *J. Hernandez*, 2025 WL 2264604, at *2).

But again, "the lack of a mandate requiring USCIS to act on Plaintiffs' waiting-list eligibility within a specific timeframe is fatal to their mandamus claim." *See id.* ("These requirements overlap with Plaintiffs' APA unreasonable-delay

[10] The Mandamus Act provides district courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

claim.”);[11] *see also Sawan v. Chertoff*, 589 F. Supp. 2d 817, 826 (S.D. Tex. 2008) (explaining that a plaintiff “who seeks relief for immigration delays under the Mandamus Act and the APA must make essentially the same showing for both claims”)). Because USCIS is not bound by any express deadline to place petitioners on a waiting list, Plaintiffs are unable to show that USCIS violated a clear duty to act. *See id.* (citing *Atay*, 2025 WL 1457083, at *4 (no basis for mandamus relief compelling USCIS to adjudicate plaintiff's asylum application where USCIS “had no duty to act on a particular timeline”)). Even so, because the APA supplies an adequate remedy, mandamus relief is excluded. *See id.* (citing *Sawan*, 589 F. Supp. 2d at 825; *M.J.L.*, 420 F. Supp. 3d at 598). Plaintiffs' claims under the Mandamus Act should be dismissed.

Because the above resolves all claims, the Court does not reach Defendant's further argument that certain Plaintiffs' claims are improperly joined.[12]

---

[11] For mandamus relief, Plaintiffs “must show that (1) [they have] a clear right to relief, (2) USCIS officials have a clear duty to act, and (3) no other adequate remedy exists.” *Mendoza-Tarango v. Flores*, 982 F.3d 395, 400 (5th Cir. 2020) (internal quotation marks omitted).

[12] Insofar as Plaintiffs seek to bring a separate Due Process claim, Plaintiffs have failed to identify a protected life, liberty, or property interest. *See Assad v. Ashcroft,* 378 F.3d 471, 475 (5th Cir.2004) (failure to receive relief that is purely discretionary is not a deprivation of a liberty or property interest) (citing *Mejia Rodriguez v. Reno,* 178 F.3d 1139, 1146 (11th Cir.1999)); *Andrade Carranza v. Cuccinelli*, No. 219CV03078BHHMGB, 2020 WL 6292639, at *10 (D.S.C. Mar. 23, 2020), *adopted*, No. 2:19-CV-3078-BHH, 2020 WL 5810516 (D.S.C. Sept. 30, 2020) (“while Plaintiffs contend that they are entitled to a timely decision regarding their eligibility for the Waiting List and associated benefits, a ‘U visa application does not create a liberty or property interest protected by the Due Process Clause.’”) (quoting *Maldonado-Guzman v. Sessions*, 715 F. App'x 277, 284–85 (4th Cir. 2017)).

## IV. CONCLUSION

Therefore, the Court **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED**. ECF No. 18. Claims submitted by Plaintiffs who have BFDs or employment authorization are **DISMISSED AS MOOT**. For the remaining Plaintiffs: (1) their APA claims related to bona fide determinations or Employment Authorizations should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1); and (2) their APA claims and Mandamus Act claims about waiting-list placement and Due Process claims should **DISMISSED WITH PREJUDICE** under Rule 12(b)(6).

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).**

If the district judge adopts this recommendation, insofar as the notice of voluntary dismissal is incomplete, the parties shall jointly submit a list with the names of Plaintiffs who obtained BFDs or employment authorization determinations or report to the Court that they stand on the voluntary dismissal *within seven days of adoption*.

Signed at Houston, Texas, on December 5, 2025.

Dena Palermo

**Dena Hanovice Palermo**
**United States Magistrate Judge**